UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY C. AMATO, JR.                                    CIVIL ACTION

VERSUS

WARDEN JIM BROWN, ET AL.                                 NO. 05-1257-C-M2

O R D E R

The pro se plaintiff, a plaintiff previously confined at the Livingston Parish Jail, commenced this proceeding together with numerous other pro se prisoner plaintiffs pursuant to 42 U.S.C. § 1983 against Warden Jim Brown, Sheriff Willie Graves, Kernie Foster and the Parish of Livingston, State of Louisiana.  The plaintiffs complained that their constitutional rights had been violated by the defendants' actions in transferring them to a place of incarceration approximately 300 miles away from Livingston Parish (where their criminal charges were pending and where they were ultimately to be tried).  The Court subsequently severed the claims of the individual plaintiffs in light of the potentially disparate nature of their respective claims.  The instant plaintiff, however, has not filed a pleading in this matter since the date of the referenced Order of severance in October of 2005.

By Order dated August 21, 2007, the Court directed the plaintiff to provide additional information necessary for the Court's review and evaluation of his claim and directed him to appear and show cause, in writing, within twenty (20) days of the date of the Order, why his claim was not subject to dismissal as being barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383

(1994).[1]  The plaintiff was specifically advised that "a failure to appear, in writing, within the time allowed, may result in the dismissal of this proceeding without further notice from the Court."

Notwithstanding notice and an opportunity to appear, a review of the record now reflects that the plaintiff has failed to respond to the Court's Order.  The plaintiff has, therefore, failed to comply with an Order of this Court without any justifiable explanation for his failure to do so.

Based on the foregoing, it appears that the plaintiff has lost interest in the prosecution of this action.  In light of his failure to respond to the Court's Order, the imposition of sanctions under Rule 16(f) of the Federal Rules of Civil Procedure is called for.  As a practical matter, the case cannot proceed if the plaintiff refuses to comply with the Court's Order and provide the information necessary for an evaluation and resolution of his claim.  The imposition of a sanction less severe than dismissal is not feasible and would likely be futile. The plaintiff's failure to appear or respond to the Court's Order effectively deprives the defendants of an opportunity to prepare for any hearing or trial, or to clear themselves of the allegations made against them.  The defendants, too, are entitled to their day in court.  The best interests of justice do not require that the defendants remain under allegations of misconduct until the plaintiff decides to proceed as required in this case.  Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the

---

[1] Pursuant to Heck, an inmate plaintiff is precluded from pursuing an action under § 1983 if the effect of such action would be to call into question the validity of his conviction or sentence of confinement. Inasmuch as the plaintiff's principle claim appears to be that he was prejudiced in his criminal proceedings because of the referenced transfer, it appears that his claims are subject to dismissal under Heck.

circumstances of this case.  See <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987).  Therefore,

**IT IS ORDERED** that the plaintiff's Complaint be dismissed, without prejudice, for failure to comply with the Court's Order pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 18th day of December, 2007.

RALPH E. TYSON, CHIEF JUDGE
**UNITED STATES DISTRICT COURT**